IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NEW HIGH-TECH ENTERPRISE COMPANY INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § | CASE NO. 4:18-CV-01962 |
| INTERWORKS UNLIMITED INC., ERIC H LU, and ZHU HUAN LU, | § § § § | |
| Defendants. | § § | |

## ORDER

Pending before the Court is Plaintiff New High-Tech Enterprise Company Inc.'s Motion for Partial Dismissal. **(Instrument No. 15).**

Plaintiff filed its Original Complaint against Defendants Interworks Unlimited Inc. (now a stayed Defendant), Eric H. Lu, and Zhu Huan Lu on June 14, 2018, alleging breach of contract, promissory estoppel and quantum meruit related to nonpayment of a loan. (Instrument No. 2). Plaintiff alleges that individual Defendants Eric H. Lu and Zhu Huan Lu personally guaranteed the loan. *Id.* at 4-6. On August 29, 2018, Defendants filed their Answer and Counterclaim, raising a counterclaim of usury in violation of Texas Finance Code § 305.001(a-1). (Instrument No. 9 at 8-9). Plaintiff moves to dismiss the counterclaim of usury raised by individual Defendants Eric H. Lu and Zhu Huan Lu. (Instrument No. 15). Defendants have not filed a Response.

The Texas usury statute provides that a creditor who contracts for, charges, or receives interest greater than the amount authorized by law "is liable to the obligor for an amount" calculated pursuant to a statutory formula. Tex. Fin. Code § 305.001(a)-(a-1). In this case, the

individual Defendants are only the guarantors on the loan. "An analysis of the liability of the guarantor *vis-a-vis* the liability of the maker [of a note] clearly indicates that a guarantor does *not* step into the maker's shoes and thereby acquire all his rights and privileges." *United States v. Little Joe Trawlers, Inc.*, 776 F.2d 1249, 1252 (5th Cir. 1985) (emphasis in original) (examining Texas state law). Therefore, Texas courts have repeatedly held that guarantors, such as the individual Defendants in this case, are estopped from asserting the defense of usury against the creditor. *Houston Sash & Door Co. v. Heaner*, 577 S.W.2d 217, 222 (Tex. 1979) (holding that the guarantor could not assert the usury defense because the penalty forfeitures provided in the usury statute "are restricted to the immediate parties to the transaction creating the usury defense."); *Fed. Sav. & Loan Ins. Corp. v. Griffin*, 935 F.2d 691, 700 (5th Cir. 1991) (citing *Heaner*, 577 S.W.2d at 222) ("Usury is a personal defense and may not be asserted by a guarantor unless the contract with the guarantor also contains the usurious provision."); *El Paso Refining, Inc. v. Scurlock Permian Corp.*, 77 S.W.3d 374, 384 (Tex. App.—El Paso 2002) ("As a matter of Texas law, the guarantor does not escape its obligation to pay by asserting a usury cause of action.").

Accordingly, the Court finds that Plaintiff's Partial Motion to Dismiss is **GRANTED. (Instrument No. 15)**. The counterclaim of usury asserted by individual Defendants Eric H. Lu and Zhu Huan Lu is **DISMISSED**.

The Clerk shall enter this Order and provide a copy to all parties.

**SIGNED** on this the 17th day of July, 2019, at Houston, Texas.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**

2