**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NEW HIGH-TECH ENTERPRISE COMPANY INC. | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | CASE NO. 4:18-CV-01962 |
| INTERWORKS UNLIMITED INC., ERIC H. LU AKA ERIC LU, AND ZHU HUAN LU AKA ZHU H. LU, | § § § § § | JURY |
| *Defendants* | § | |

**DEFENDANTS' PARTIALLY UNOPPOSED MOTION TO CONTINUE AND OPPOSED MOTION TO COMPEL PLAINTIFF'S DEPOSITION**

COME NOW, Defendants and Counter-Plaintiffs Eric H. Lu aka Eric Lu and Zhu Huan Lu aka Zhu H. Lu and file their Partially Unopposed Motion to Continue and Opposed Motion to Compel Plaintiff's Deposition and Supplement Discovery and respectfully show:

**I.
SUMMARY**

1.1   Good cause exists to continue the current trial setting and extend discovery to enable Defendant to depose Plaintiff and supplement its theories with discovered information. Defendant Eric Lu is the main witness who will speak for Defendants. However, he is currently in Thailand and will be unable to participate in person on May 7. He cannot participate, even remotely, on May 10 as he will be on a plane the entire day. Also, Defendants' counsel is scheduled to begin a state court trial, pending since 2017, on May 11. Thus, the Court should continue trial to enable Defendant and his lawyer to prepare and participate.

1

1.2     Also, the Court should continue trial to enable Defendants to obtain critical, basic discovery, the deposition of Plaintiff, which they have diligently sought, and supplement their discovery with information learned from same.  To avoid cost and increase the chances of settlement, both parties postponed discovery to attempt mediation, which failed in July, 2020.  As soon as the undersigned counsel appeared in this lawsuit, in November, 2020, counsel diligently sought Plaintiff's deposition. While Plaintiff's counsel agreed to present his client for deposition, he now refuses to present Plaintiff for deposition.  Deprived of this basic discovery, to which Defendants have a "right" and which Plaintiff agreed to provide, Defendants cannot prepare for trial.  The Court should authorize Defendants to conduct this basic discovery.

1.3     While counsel would have sought to enforce this stipulation and compel this discovery via a Motion to Compel filed earlier, Eric Lu's legitimate medical emergency prevented counsel from obtaining any direction regarding same until recently.  Specifically, Eric Lu suffered a medical emergency wherein he underwent surgery and hospitalization in late January.  In connection with this emergency, counsel was unable to secure any direction from his client for roughly 50 days.   Accordingly, Defendants should not be penalized for this delay resulting from a legitimate, severe, and unavoidable medical emergency which disrupted their case preparation.

1.4     Finally, Defendants timely demanded a jury trial via their Third Amended Answer, and alternately request same under Fed. R. Civ. P. 38(b) via their Response to Defendant's Emergency Motion for Reconsideration and Alternate Demand for Jury Trial.  Accordingly, they request the Court remove this case from its bench trial docket.

## II.
## BRIEF BACKGROUND

2.1   On June 14, 2018, Plaintiff sued Defendants Eric and Zhu Lu ("Lu Defendants") and Interworks Unlimited, Inc.[1]  Plaintiff alleges Defendants are liable for (i) promissory estoppel and (ii) breach of guaranty agreements included in two filed "Loan Agreements."  On August 29, 2018 Counter-Plaintiffs filed their Original Answer and Counter-claim.  *See* Dkt # 9.

2.2   While the parties shuffled attorneys[2] and dealt with the fallout of Interworks' bankruptcy, they engaged in no deposition discovery in hopes of settling. The parties believed mediating would resolve the matter, but Covid delayed even their attempts to mediate. Specifically, both parties claimed the Pandemic stymied their ability to mediate via an April 6 filed Agreed Motion to Continue Trial and Scheduling Order.  *See* Dkt # 46.

2.3   In July, 2020 the parties mediated without success.  *See* Dkt # 49 (ADR Memo). On August 5, 2020 Counter-Plaintiffs sought leave to amend their pleadings, for the first time, and conduct further discovery.

2.4   The Court granted Counter-Plaintiffs' leave to amend on September 14, 2020.  *See* Dkt # 59.  With leave of Court, on September 23, 2020, Counter-Plaintiffs filed their First Amended Answer and Counter-Claim.  *See* Dkt # 61.

---

[1]   Interworks was forced into bankruptcy as a result of the fraudulent scheme giving rise to Counter-Plaintiffs' amended pleadings.  On July 9, 2019 Interworks filed bankruptcy in Case No. 2:19-bk-17990-VZ in the Central District of California.  On July 11, 2019 this Court administratively closed the Plaintiff's case against Interworks. *See* Dkt #31.  Since then, Interworks and its records have been in the possession and control of the Trustee.

[2]   Both Plaintiff and Defendants are represented by new (to the case) attorneys. On July 21 Plaintiff's original two lawyers filed a Motion to Withdraw, *see* Dkt # 52, and their present attorneys appeared on October 13, 2020. On August 27, 2019 Defendants' prior counsel filed a Motion to Withdraw, which the Court granted on September 3, 2019.  On October 4, 2019 Defendants' second lawyer appeared, see Dkt #38, and filed an Unopposed Motion to Continue.  See Dkt #39.  Defendants' present lawyer appeared on November 23.  *See* Dkt # 74.

2.5     On October 13, Plaintiff's newly-retained lawyers filed an Unopposed Motion to Extend Time to Respond to Counter-Plaintiffs' Amended Counterclaim, until December 13, 2020. *See* Dkt # 64.  The Court then extended Counter-Defendant's deadline to respond and answer to Counter-Plaintiffs' First Amended Counter-claim from October 14 to December 13.  *See* Dkt #66.

2.6     On November 3, 2020 Plaintiff filed a Motion to Dismiss Counter-Plaintiffs' Second Amended Counterclaim pursuant to Fed. R. Civ. P. 12(b)(6).  *See* Dkt # 73.

2.7     On November 23, shortly after appearing in this case, the undersigned requested the Plaintiff's deposition.  *See* Exhibit 1, Defendants' Nov. 23 e-mail (discussing the parties' agreement to extend discovery).  Plaintiff's counsel agreed and provided:

> …Additionally, we only discussed one deposition on each side (your client and mine)…Even though we would be well within our rights to quash any notice of deposition this close to the amended deadline for discovery, **we can agree to schedule the deposition of your client and my client to occur prior to 12/18 <u>on the condition that your client presents himself for deposition either in person (following CDC guidelines) or at a location such as Planet Depos</u>**:https://planetdepos.com/locations/texas/houston/

Exhibit 2, Plaintiff's counsel's November 23 E-mail (emphasis in original).

2.8     On November 24, twenty-one days after Counter-Defendant's 12(b)(6) Motion and one day after the undersigned counsel appeared, Counter-Plaintiffs filed their Third Amended Answer and Third Amended Counterclaim.  *See* Dkt. #75.  Defendants requested a jury via their amended filing.  In response, Plaintiff filed a (1) Motion to Strike Defendants' Third Amended Answer and Third Amended Counterclaim and (2) a Motion to Strike Defendants' Request for Leave.  The Court denied both.  *See* Dkt # 77, 78, 87 and 88.

2.9     On December 2, Defendants again sought to depose Plaintiff and offered six dates for same. *See* Exhibit 3, Defendants' counsel's December 2 E-mail. But Plaintiff's counsel changed course. *See* Exhibit 4, Defendants' Dec. 2 E-mail ("[a]s you know things have changed since my email response to you on November 23 (your clients' recent filings) and my client believes your clients are actng in bad faith."). Defendants' counsel again requested the deposition on December 7. *See* Exhibit 5, Defendant's December 7 e-mail.

2.10    Defendants filed a Motion for Summary Judgment on January 1, 2021. *See* Dkt # 89. Plaintiff sought an extension on time to respond to Defendants' Motion for Summary Judgment on January 18, 2021. *See* Dkt # 93. Plaintiff argued it was surprised by the documents Defendants used in their summary judgment motion and Plaintiff's President's absence from Texas made responding difficult. *Id*. The Court granted Plaintiff's request, and Plaintiff filed a Response to Summary Judgment on February 9, 2021, 19-days later. *See* Dkt # 95. Included in Plaintiff's response was an affidavit executed by Zhaung Li, Plaintiff's owner.

2.11    After Plaintiff availed itself of discovery (by supplementing discovery on February 9), on March 16 Defendants again sought to depose Zhuang Li. *See* Exhibit 6, Defendants' counsel's March 16 e-mail. Li is the affiant whose newly-provided testimony supported Plaintiff's response to Defendants' summary judgment motion and who Defendants had sought to depose for months. Plaintiff refused or ignored this request.

2.12    On April 9, 2021, this Court entered an order dismissing Defendants' fraud, conspiracy, RICO and declaratory judgment counterclaims. *See* Dkt # 98. The same order granted summary judgment in favor of Defendants on Plaintiff's promissory estoppel claim and denied Plaintiff's objections to Defendants' summary judgment evidence. *Id*. The Court also granted Counter-Plaintiffs leave to amend their counterclaim to include additional facts regarding their claims for fraud and fraudulent inducement. *Id.*

5

## III.
## GOOD CAUSE EXISTS FOR THE COURT TO CONTINUE TRIAL AND ENABLE DEFENDANT TO DEPOSE PLAINTIFF AND SUPPLEMENT DISCOVERY

3.1 The rules of procedure must be construed and administered to secure the just, speedy and inexpensive determination of every action.[3] Rule 16 of the Federal Rules of Civil Procedure give this Court significant latitude to grant or deny a request to modify a scheduling order. *See* Fed. R. Civ. P. 16(b)(4). The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.[4] When the Court analyzes good cause, it should consider: (1) the movant's reasons for needing the extension of the deadline; (2) the importance of the extension; (3) potential prejudice in allowing the extension; and (4) the availability of a continuance to cure such prejudice.[5] Here, each factor weighs in favor of granting Defendants' request for a continuance and the ability to depose Plaintiff.

**A. Defendant cannot prepare for or participate in trial on the dates stated by the Court, and his lawyer has a conflicting trial currently scheduled.**

3.2 Defendants' counsel learned one week before this filing that Eric Lu, a key witness and party, will be in Thailand from April 17 through May 10. Mr. Lu reports that return flights from Thailand are narrowed in availability due to Covid, occurring 3-4 times per week at most. Accordingly, he is unable to return to the States or participate in trial physically on May 7 or 10, the dates the Court designated as its bench trial docket days. Further, Mr. Lu is unable to participate, even remotely, on May 10 as he will be on a plane the entire day. Eric Lu's testimony is critical to Defendants' defenses and fraud counterclaim. Defendants' counsel are timely

---

[3] Fed. R. Civ. P. 1.
[4] *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003).
[5] *S&W Enters.*, 315 F.3d at 546.

notifying the Court of Eric Lu's unavailability insofar as they learned this information this past week.

3.3    Also, Defendants' counsel is scheduled for trial in Brazoria County District Court, Case No. 91904-CV, *Serafin Orduna v. Torres Brothers Ready Mix, Inc.* pending in the 412th Judicial District Court of Brazoria County, Texas.  While counsel previously understood the state court case would be continued, on April 20 the Judge advised the parties they are scheduled for a two week trial beginning on May 11.

**B.  While Defendants diligently sought the deposition of Plaintiff, and despite Plaintiff's agreement to present the witness for deposition, Defendants are deprived of this basic discovery and cannot prepare for trial without it.**

3.4    It was not until after mediation failed in July, 2020 – which was delayed from taking place due to Covid restrictions - that the parties determined discovery should proceed.  The parties adopted this agreed position, to suspend discovery in an attempt to reach a resolution without the specter of high attorneys' fees, in a good faith attempt to secure a just and inexpensive disposition of this case.  Upon unsuccessfully mediating, Defendants acted diligently seeking Plaintiff's deposition, which Plaintiff even agreed to provide.

3.5    In particular, Defendants' counsel appeared on November 23, 2020.  *See* Dkt # 74 (Defendants' Notice of Appearance).  The same day, he sought Plaintiff's deposition, and counsel reached an agreement to conduct depositions.  *See* Exhibits 1 and 2.  Plaintiff's counsel agreed:

> …Additionally, we only discussed one deposition on each side (your client and mine)…Even though we would be well within our rights to quash any notice of deposition this close to the amended deadline for discovery, **we can agree to schedule the deposition of your client and my client to occur prior to 12/18 <u>on the condition that your client presents himself for deposition either in person (following CDC guidelines) or at a location such as Planet Depos</u>**…

7

Exhibit 2 (emphasis in original). While Defendants' counsel agreed to cooperate with these conditions, and followed up with multiple requests for these depositions even before the arbitrary December 18 deadline. *See* Exhibit 3, Defendants' counsel's December 2 E-mail.

3.6 However, Plaintiff backed out of their agreement on spurious grounds. *See* Exhibit 4, Plaintiff's counsel's Dec. 2 E-mail ("[a]s you know things have changed since my email response to you on November 23 (your clients' recent filings) and my client believes your clients are acting in bad faith."). Defendants again followed up with Plaintiff regarding deposition availability on December 7, 2020, and again in mid-March. *See* Exhibit 5, Defendant's December 7 e-mail; *see* Exhibit 6 (March e-mail). These requests were ignored or refused.

3.7 Defendants have diligently sought to depose Plaintiff, and even reached a written stipulation with Plaintiff to do so. *See* Exhibit 1 ("**we can agree to schedule the deposition of your client and my client to occur prior to 12/18**"). In addition to the stipulation, Defendants have "[t]he right to depose [Plaintiff] and the right to use that testimony in court." *Bucher v. Richardson Hosp. Auth.*, 160 F.R.D. 88, 93 (N.D. Tex. 1994). Despite this, Defendants' efforts to cooperate with this agreement and later requests for Plaintiff's deposition were ignored and refused. Accordingly, despite their diligence, Defendants have been denied their "right to depose" Plaintiff or "use that testimony in court," *Bucher*, 160 F.R.D. at 93, and good cause exists to enable Defendants to obtain this discovery.

**C.      Eric Lu's recent medical emergency and resulting inability to provide meaningful direction to his lawyer for nearly 50 days prevented counsel from seeking relief regarding Plaintiff's refusal to sit for deposition or prepare for trial.**

3.8     While counsel would have sought to compel this discovery earlier, a medical emergency prevented counsel from obtaining direction from his client to do so.  Specifically, in late January Eric Lu was admitted to the hospital with chest pain and underwent surgery.  While he was discharged in late January, from roughly January 26 through March 15, counsel had practically no communication at all with his client, and none concerning case direction.  Thus, as a result of this legitimate medical emergency, the undersigned was deprived of the most critical element of preparing for trial and resolving these discovery disputes – direction and authority from his client to do anything.  Thus, good cause exists to extend discovery deadlines and enable Defendants to depose Plaintiff before trial.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED Defendants respectfully request that the Court find "good cause" exists to remove this case from its current trial setting, enter an Order enforcing Plaintiff's stipulation to present Plaintiff for deposition and authorizing Defendants' counsel to depose Plaintiff's corporate representative and Zhuang Li before trial and supplement their discovery with information and documents discovered, and for all relief to which they are entitled.

        Respectfully submitted,

        Murray | Lobb, PLLC

By: */s/ Patrick C. Bates*
    Patrick C. Bates-Attorney in Charge
    Texas Bar No. 2406882
    Southern District Bar No. 2014055
    700 Gemini, Suite 220
    Houston, Texas 77058
    Tel: (281) 488-0630
    Fax: (281) 488-2039

ATTORNEY FOR DEFENDANTS ERIC H. LU AKA ERIC LU AND ZHU HUAN LU AKA ZHU H. LU

By: */s/Eric Lu\**
  ERIC LU  *signed by permission (P.C.B.)

## CERTIFICATE OF CONFERENCE

    Pursuant to Local Rule 4(A)(1), I certify that I made a good faith effort to confer with Plaintiff's counsel (Brian Gargano) concerning the above requested relief.

    As reflected in the Email attached as Exhibit 7, Plaintiff's counsel opposes Defendants' requests regarding discovery and a jury trial, but is not opposed to Defendants' request to move the current trial setting until the second half of June or the first week of July.

        */s/ Patrick C. Bates*
        Patrick C. Bates

## CERTIFICATE OF SERVICE

    I hereby certify that on the 21st day of April, 2021, a true and correct copy of the foregoing **Partially Unopposed Motion to Continue and Opposed Motion to Compel Deposition** was served on all counsel of record pursuant to the Federal Rules of Civil Procedure.

        */s/ Patrick C. Bates*
        Patrick C. Bates